IN THE DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JOEL DEL ROSARIO SANTOS, L.S.L.S., A.P.L.S., A.N.L.S., E.K.L.S. and FELICIA ANN S. LUJAN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM and FEDERAL GOVERNMENT,<br><br>　　　　　Defendants. | CIVIL CASE NO. 21-00021<br><br>**REPORT & RECOMMENDATION**<br>1. To Dismiss Complaint with Leave to Amend<br>　　and<br>2. To Deny Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) |

This matter is before the court on an Application to Proceed Without Prepaying Fees or Costs (the "Application") filed by the Plaintiffs. *See* ECF No. 2. The court issues the following Report and Recommendation on the Plaintiffs' Application.

**I.　*In Forma Pauperis* Application**

Plaintiffs are proceeding in this action *pro se*, without an attorney. The Plaintiffs request to proceed *in forma pauperis*, meaning without paying the required filing fee.[1] Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1).[2]

---

[1] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $402 filing fee is required from the party instituting any civil action in federal court.

[2] Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

Based on the Application, Plaintiff Joel Santos has no income or assets and has no monthly expenses. None of the other Plaintiffs have submitted an affidavit.[3] While it appears that Plaintiff Joel Santos has demonstrated that he does not have the resources to pay the filing fee, this does not end the court's inquiry. The court must still subject the Plaintiffs' Complaint to mandatory screening before allowing the case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

## II.  Screening Complaint

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27(stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). "A complaint is frivolous within the meaning of § 1915(d) if it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d

---

[3] The Application and the Complaint were signed by Plaintiff Joel Santos. The Complaint does not contain very many facts, but it would appear that the four Plaintiffs listed by initials are Mr. Santos's minor daughters and Plaintiff Felicia Ann S. Lujan is the mother of the minor daughters. *See* Complaint at 4-5, ECF No. 1, and Appl. at ¶7, ECF No. 2.

52, 54 (9th Cir. 1995).

A complaint must meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Here, Plaintiff Joel Santos submitted a "Complaint for Violation of Civil Rights" form. Section II of the form asked "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," and Mr. Santos wrote "Entrapment; Malpractice, discrimination; False Advertisement." Compl. at 3, ECF No. 1. The form also inquired whether the Plaintiffs are bringing a *Bivens* claim, and if so, what constitutional right(s) was violated by federal officials, and Mr. Santos responded "conspiracy." *Id.* Finally, in Section III where the Plaintiffs are asked to describe the facts underlying their claim(s), Mr. Santos wrote "I was falsely and illegally arrested on March 9, 2021 and my family's Human Rights were violated by the violated by the wrongful acts of the Federal Government." *Id.* at 4. The Complaint sought monetary damages from the Defendants. *Id.* at 5.

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An action under *Bivens* is identical to one brought under 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under Bivens. Thus, to state a *Bivens* claim, a plaintiff must allege that a person or persons acting under the color of federal law violated his constitutional rights. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)).

Here, instead of naming an individual or persons who allegedly violated the Plaintiffs' rights, the Plaintiffs have named the "Government of Guam" and the "Federal Government" as defendants in this law suit. Unfortunately, in *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990), the Supreme Court ruled that the Government of Guam cannot be sued under §1983 because it is not a "person." *Ngiraingas*, 495 U.S. at 192.

Similarly, a plaintiff cannot bring a *Bivens* action against the "Federal Government" because any remedy under *Bivens* is against federal officials individually, not the federal government or the United States. *See Arnsberg v. United States*, 757 F.2d 971, 980 (1985) (declining to extend *Bivens* action to include a remedy against the United States). "In a suit against the United States, there cannot be a right to money damages without waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392, 400 (1976). The doctrine of sovereign immunity bars *Bivens* actions against the United States. *Arnsberg*, 757 F.2d at 980.

Because the Complaint fails to state a claim against persons capable of being sued under § 1983 or *Bivens*, the court recommends the Chief Judge dismiss the Complaint.

**III.  Leave to Amend**

When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Plaintiffs may be able to cure the defects noted above by identifying individuals whom they believe violated their constitutional rights. Because the Plaintiffs are *pro se* litigants, they are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*). If the Plaintiffs intend to proceed with their lawsuit, the Plaintiffs need to name proper defendants and provide specific allegations that describe how each individual defendant violated a right secured by the Constitution or laws of the United States. Any amended complaint must be complete within itself without reference to any "discovery" or other documents not attached to the amended complaint.

**IV.  Conclusion**

For the reasons set forth above, the court recommends that the Plaintiffs' Application to

waive filing fees be denied at this time and that the Chief Judge dismiss the Complaint with leave to amend.

      IT IS SO RECOMMENDED.



    **/s/ Michael J. Bordallo**
       **U.S. Magistrate Judge**
   **Dated: Dec 14, 2021**

**NOTICE**
**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**